**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____

| | |
|---|---|
| **CYNTHIA WEISMAN** | ) |
| 9201 Edgewood Drive | ) |
| Gaithersburg, MD 20877 | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **MARYLAND-NATIONAL CAPITAL** | ) |
| **PARK & PLANNING COMMISSION** | ) |
| 6611 Kenilworth Avenue | ) |
| Riverdale, MD 20737 | ) |
| | ) |
| **SERVE:** | ) |
| Debra Borden, General Counsel | ) |
| 6611 Kenilworth Avenue | ) |
| Riverdale, MD 20737 | ) |
| | ) |
| **and** | ) |
| | ) |
| **DARRYL W. MCSWAIN** | ) |
| as an individual and in his official capacity | ) |
| | ) |
| 6611 Kenilworth Avenue | ) |
| Riverdale, MD 20737 | ) |
| | ) |
| Defendants. | ) |

_____)

**COMPLAINT AND REQUEST
FOR TRIAL BY JURY**
Case Number  1:24-cv-00009

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

1.  This is an action by Plaintiff Cynthia Weisman against Defendant Maryland-National Capital

    Park and Planning Commission ("M-NCPPC") for declaratory, monetary, and injunctive relief

    for injuries suffered by Plaintiff as a result of Defendant M-NCPPC's and Defendant Darryl

1

McSwain's unlawful employment practices against Plaintiff, including harassment and discrimination due to her sex (female), sexual orientation (lesbian), and religion (Jewish), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Maryland Fair Employment Practices Act ("MFEPA"), Md. State Govt. Code Ann. §20-602, et seq. and the Montgomery County Code §27-19.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the matter in controversy arises under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

2. This Court has supplemental jurisdiction over Counts II and III of this Complaint, which arise, respectively, under the laws of Maryland and of Montgomery County, Maryland, pursuant to 28 U.S.C. §1367(a), because those claims arise from a common set of operative facts with Count I.   Thus, the claims are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), (b) and (c), as a substantial part of the events, acts and/or omissions giving rise to the claim occurred in Maryland in general and in Montgomery County in particular.   Further, Defendant M-NCPPC is subject to this Court's personal jurisdiction with respect to the civil action in question.   Further, Defendant McSwain is subject to this Court's personal jurisdiction with respect to the civil action in question.

4.  The amount in controversy as set forth in the complaint exceeds $75,000.00 in an amount to be determined by the jury.

## ADMINISTRATIVE PREREQUISITES

5.  On or about May 16, 2023, Plaintiff Weisman filed Charge of Discrimination Number 531-2023-00426 (the "Charge") with the U.S. Equal Employment Opportunity Commission, which on September 20, 2023 was transferred to the Maryland Commission on Civil Rights for further processing.

6.  On December 20, 2023, the EEOC issued Plaintiff her Notice of Right to Sue.

## PARTIES

7.  Plaintiff Weisman was at all relevant times an adult resident of Montgomery County, Maryland.  She was employed by M-NCPPC from November 13, 2001 until she resigned on April 1, 2023.

8.  Defendant M-NCPPC is a bi-county agency established by the Maryland General Assembly that administers parks and planning in Montgomery County and in Prince George's County, Maryland.  and was, at all relevant times, Plaintiff Weisman's employer as that term is defined by 42 U.S.C. § 2000e(b), Md. State Govt. Code Ann. §20-601(d), and the Montgomery County Code §27-6.  Defendant M-NCPPC employs over 50 employees and may sue and be sued.  The Maryland-National Capital Park Police ("Park Police") is a Division of M-NCPPC, which at all times had supervisory authority over the Park Police. *See* Md. Land Use Code §17- 301, *et seq*. The Park Police patrols the parks in both counties. Defendant Maryland-National Capital Park

and Planning Commission may be referred to as "MNCPPC" and/or "Park Police" interchangeably throughout this complaint.

9. Defendant Darryl McSwain is an adult Black male. Plaintiff is informed and believes and herein alleges that Defendant McSwain resides in and is employed in Maryland. Plaintiff is informed and believes that Defendant McSwain was at all relevant times to this Complaint an employee of Defendant M-NCPPC. During relevant times as alleged below, Defendant McSwain was Plaintiff's direct supervisor, and the Chief of Police for Defendant M-NCPPC during Plaintiff's employment. As Chief of Police, Defendant McSwain had supervisory authority over Plaintiff during all relevant times as alleged below, which included, but is not limited to the authority to take tangible employment actions against Plaintiff and other subordinate officers. Such supervisory authority included, but is not limited to, disciplining subordinate officers including Plaintiff, as well as directing, supervising, controlling, and/or otherwise evaluating Plaintiff's work.

10. Plaintiff Weisman files this lawsuit against M-NCPPC, and against Defendant McSwain individually, and in his official capacity as a M-NCPPC Chief.

**FACTUAL ALLEGATIONS**

11. Plaintiff Weisman joined M-NCPPC in November 2001 as a Park Police Officer Candidate/Police Officer.

12. Plaintiff Weisman was employed as a Police Lieutenant as Internal Affairs Commander when, on March 14, 2022, her direct supervisor, Defendant McSwain, called her into his office and questioned her regarding allegations that had been brought to his attention.

4

13. On or about March 17, 2022, Chief McSwain reassigned Plaintiff from the Internal Affairs Section ("IA") to the Patrol Section as its Midnight Patrol Commander effective March 20, 2022. Chief McSwain claimed that moving Plaintiff to Midnights was non-disciplinary.

14. On or about October 12, 2022, Defendant M-NCPPC issued Administrative Disciplinary Action to Plaintiff with five (5) charges and served it upon her on October 13, 2022.

15. By Plea Agreement dated October 17, 2022, Plaintiff agreed to plead guilty to one charge of Unbecoming Conduct.

16. Plaintiff did not request a hearing board to review the investigation, because she did not dispute that she made the comment at issue.  The only issue was going to be the level of discipline imposed for the one charge to which she agreed to plead guilty.

17. In the October 17, 2022 Plea Agreement between the parties, Defendant M-NCPPC agreed that in exchange for Plaintiff's plea, it would issue the following disciplinary action: "Lt. Weisman shall be demoted to the rank of sergeant, as well as any and all supplemental training deemed necessary at the sole discretion of Chief Darryl McSwain."

18. Defendant M-NCPPC issued Plaintiff a Notification dated October 21, 2022 (the "Notification") that contained additional restrictions upon Plaintiff but did not direct her to obtain supplemental training.  Upon information and belief, these restrictions were created by, and were included at the direction of, Defendant McSwain.  That Notification stated in its entirety:



**MARYLAND-NATIONAL CAPITAL
PARK POLICE**

MONTGOMERY COUNTY DIVISION
12751 LAYHILL ROAD
SILVER SPRING, MD 20906



October 21, 2022

**MEMORANDUM**

TO:     Sergeant Cindy Weisman

FROM:   Lieutenant John Fellers, Internal Affairs Commander

Re: Reassignment and Reinstatement of Police Powers Notification

Effective immediately your full police powers as a Maryland-National Capital Park Police Officer are reinstated.

You are henceforth reassigned as the Policy & Planning sergeant. This position falls under the command of Support Operations. You will be reporting to Lieutenant Caleb Garcia. Lieutenant Garcia will be in contact with you to further coordinate the logistics of your return and provide assignment expectations. Prior to this, you shall review the below directions and send me a signed copy of this notice.

Also, to ensure a safe and productive work environment for all parties, including you, it is my determination that the following appropriate actions be taken to address current managerial concerns. Barring a police emergency, officer safety issue, or medical emergency, you shall not seek out interaction with and/or contact: Internal Affairs staff, Communications staff, or any known complainants that have made allegations against you. Furthermore, absent the above, you shall not enter the Communications Dispatch area of Headquarters or the Internal Affairs Office. If while conducting your duties there is a compelling need to access those areas, you shall first request and coordinate this need through your chain of command. These steps are necessary.

The above directions are not punitive. Again, these steps are being taken to help you and other affected Division staff comply with the M-NCPPC's commitment to maintaining a positive work environment that is free of retaliation, unlawful hostility, intimidation, or harassment.

In conclusion, the Park Police Division Leadership is available to provide guidance and assistance to you with the goal of assisting you in maintaining a positive work environment. I wish you the best in your new assignment and look forward to working with you under better circumstances in the future.

Please affix your signature and date below and return a copy to me:

_____

Sergeant Cindy Weisman

cc:   Chief Darryl W. McSwain
      Captain Nicole Adams
      Lieutenant Caleb Garcia
      Internal Affairs File
      Sondra Lancaster, Human Resources

6

19. The restrictions set forth in Lt. Fellers' October 21, 2022 Notification were never raised with, discussed with, or agreed to by Plaintiff, and she signed the Plea Agreement before they were imposed.

20. Plaintiff Weisman understood that if she wanted to be permitted to return to work, she was required to sign the Notification; she had no alternative.  Indeed, Lt. John Fellers advised her that she had to sign it if she wanted to come back to work.  Since Chief McSwain previously told Plaintiff she had to sign the letter transferring her from Internal Affairs to midnights, she believed that she had to sign the October 21, 2022 document in order to return to work.  Thus, Plaintiff was faced with choosing between signing the October 21, 2022 Notification and being permitted to return to work, or not signing it and then facing insubordination charges and being forbidden from returning to work.

21. The conditions in the Notification were not contained in the Plea Agreement she had already signed and were very upsetting to her, because they were a set up for failure and concomitant disciplinary action.

22. Considering that the conditions and restrictions imposed via the October 21, 2022 Notification did <u>not</u> make it operationally efficient for Plaintiff to perform her job duties, set her up for failure, were unnecessary and punitive, and have never been imposed upon any male members of the department, they are discriminatory and created a hostile work environment.

23. Per the Notification, Plaintiff Weisman was restricted from seeking out, interacting with, and/or contacting "any known complainants."  As Plaintiff Weisman did not know who the

"known complainants" are, she did not know whom to avoid.  She was only aware of one complainant.  No similarly situated male employee was restricted in this manner.  No similarly situated non-lesbian employee was restricted in this manner.  No similarly situated non-Jewish employee was restricted in this manner.

24. Per the Notification Plaintiff Weisman was restricted from entering the Internal Affairs ("IA") Office and from seeking out, interacting with, and/or contacting IA's staff.  The IA Commander's office, however, was where all policy was located.  As Plaintiff had been reassigned to Policy & Planning, she was not able to proceed with anything related to policy since she was barred from entering the IA Office and from seeking out, interacting with, and/or contacting IA's staff.  No similarly situated male employee was restricted in this manner.  No similarly situated non-lesbian employee was restricted in this manner.  No similarly situated non-Jewish employee was restricted in this manner.

25. Per the Notification Plaintiff Weisman was restricted from entering the Communications Dispatch area of Headquarters.  However, CJIS password updates and class sign-ups were completed in the Dispatch Center.  The classes were then held remotely in the Dispatch Center.  Plaintiff Weisman could not remain CJIS compliant as part of her job without accessing the Dispatch Center on these occasions.  No male employee was required to make an appointment with the Dispatch supervisor and then be escorted by their supervisor to complete these tasks.  No similarly situated non-lesbian employee was required to make an appointment with the Dispatch supervisor and then be escorted by their supervisor to complete these tasks.  No similarly situated non-Jewish employee was required to make an

appointment with the Dispatch supervisor and then be escorted by their supervisor to complete these tasks. Any such requirement also negatively impacted her supervisor's schedule and required Plaintiff Weisman to disrupt their day every time she needed to coordinate a time that worked for them to escort her - and then every time they actually escorted her.

26. Per the Notification Plaintiff Weisman was CN1 certified, meaning she was Dispatcher level and could backfill as staffing when Dispatch is short staffed.  When overtime was available for Dispatch coverage, Plaintiff Weisman was no longer be eligible to apply for and obtain that overtime.  No similarly situated male employee was restricted in this manner.  No similarly situated non-lesbian employee was restricted in this manner.  No similarly situated non-Jewish employee was restricted in this manner.

27. Although Lt. Garcia was supposed to contact Plaintiff Weisman to provide assignment expectations, neither he nor Plaintiff Weisman's Captain were able to provide direction to her regarding the work she was to perform.

28. If Plaintiff Weisman's position in the future was to have staff become CALEA certified -- which was the only item her Captain was able to list as a possible job duty - then she would need to interact with all areas of the agency to make sure they are in compliance with CALEA standards.  She was not able to perform this duty under the restrictions listed, as she was prohibited from interacting with Communications, IA, and "known complainants."  No similarly situated male employee was restricted in this manner.  No similarly situated non-

lesbian employee was restricted in this manner.  No similarly situated non-Jewish employee was restricted in this manner.

29. Plaintiff was scheduled to begin disability leave on November 4, 2022for a work-related injury.

30. With respect to the issue of mandatory rifle training, if Plaintiff did not recertify before starting her disability leave, her certification would lapse while she was out on disability leave, and she would have to take the entire week-long certification course again, rather than just a half-day recertification course.  The rifle was a weapon for which the Plaintiff needed to be certified in order to do her job, which is confirmed by Defendant M-NCPPC's Division Directive 400.1 Firearms Section IX.A.3. – Proficiency.  That Section states, "Annual Firearms training will include, when appropriate, all approved and personally owned handguns, shotguns and patrol rifles."  In addition, Section IX.B.1. of that Policy states, "…All patrol rifle certified personnel will qualify semi-annually with their Division issued rifle…".  Thus, officers such as Plaintiff, who (at the time) were certified and issued a patrol rifle, were **required** by Policy to re-certify bi-annually.  Plaintiff and Rangemaster Det. Ly were attempting to comply with the Policy and ensure that Plaintiff was compliant with the Policy and remained certified in the issued patrol rifle in which she has been certified and carried since July 2017.  Defendants had no legitimate non-discriminatory reason for denying Plaintiff this required training that was scheduled specifically by the Rangemaster.  No similarly situated male employee was restricted from recertifying in this manner.   No similarly situated non-lesbian employee was

restricted from recertifying in this manner.  No similarly situated non-Jewish employee was restricted from recertifying in this manner.

31. There was no justification for requiring Plaintiff to turn in her property three (3) days before she started her disability leave.  When Plaintiff notified Defendants that she would be going out on disability leave, not only did Defendants cancel scheduled training, but it also instructed her to turn in her badge, credentials, weapon, assigned vehicle and additional equipment three (3) days prior to her scheduled surgery, even though she was not yet on leave.

32. There is no policy authorizing or requiring M-NCPPC to handle property return in this manner.

33. Two male officers, Lt. John Fellers (who went on disability leave prior to Plaintiff), and Ofc. John Wigmore (who went on disability leave after Plaintiff), were not asked to turn in their badges, credentials, weapons, and the like three (3) days prior to the start of their respective periods of disability leave. No similarly situated non-lesbian employee was asked to turn in their badges, credentials, weapons, and the like three (3) days prior to the start of their disability leave.  No similarly situated non-Jewish employee was asked to turn in their badges, credentials, weapons, and the like three (3) days prior to the start of their disability leave.

**COUNT I**
**SEX DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2(b)**
**(By Plaintiff Against Defendant M-NCPPC)**

34.      Paragraphs 1 through 33 are incorporated by reference herein as if fully set forth herein.

35.   By the acts and omissions described herein, Defendant M-NCPPC subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(b).

36.   Defendant M-NCPPC has engaged in a course of unlawful severe and/or pervasive discriminatory conduct against Plaintiff based on her sex, created a hostile work environment based on sex, and altered the terms and/or conditions of her employment.

37.   The unlawful employment practices complained of herein were intentional and were engaged in knowingly, maliciously, and/or with reckless indifference to Plaintiff's rights.

38.   The effect of discriminating against Plaintiff on the basis of her sex has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her sex.

39.   Defendant M-NCPPC's actions described herein constituted violations of Title VII.

40.   As a direct and proximate result of Defendant M-NCPPC's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning capacity, justifying an award of back pay, front pay, as well as compensatory damages, the amount to be determined by a jury at trial.

**COUNT II**
**SEX DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Md. State Govt. Code §20-606(a)**
**(By Plaintiff Against Defendant MNCPPC)**

41.     Paragraphs 1 through 40 are incorporated by reference herein as if fully set forth herein.

42.     By the acts and omissions described herein, Defendant M-NCPPC subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of sex, in violation of Md. State Govt. Code §20-606(a).

43.     Defendant M-NCPPC has engaged in a course of unlawful severe and/or pervasive discriminatory conduct against Plaintiff based on her sex, created a hostile work environment based on sex, and altered the terms and/or conditions of her employment.

44.      The unlawful employment practices complained of herein were intentional and were engaged in knowingly, maliciously, and/or with reckless indifference to Plaintiff's rights.

45.     The effect of discriminating against Plaintiff on the basis of her sex has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her sex.

46.     Defendant M-NCPPC's actions described herein constituted violations of Md. State Govt. Code §20-606(a).

47.     As a direct and proximate result of Defendant M-NCPPC's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional

13

reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning capacity, justifying an award of back pay, front pay, as well as compensatory damages, the amount to be determined by a jury at trial.

**COUNT III**
**SEX DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Montgomery County Code §27-19**
**(By Plaintiff Against Defendant MNCPPC)**

48. Paragraphs 1 through 47 are incorporated by reference herein as if fully set forth herein.

49. By the acts and omissions described herein, Defendant M-NCPPC subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of sex, in violation of Montgomery County Code §27-19.

50. Defendant M-NCPPC has engaged in a course of unlawful conduct based on Plaintiff's sex that has the purpose or effect of unreasonably interfering with her work performance and/or creating a working environment that Plaintiff perceives to be abusive or hostile.

51. The unlawful employment practices complained of herein were intentional and were engaged in knowingly, maliciously, and/or with reckless indifference to Plaintiff's rights.

52. The effect of discriminating against Plaintiff on the basis of her sex has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her sex.

53. Defendant M-NCPPC's actions described herein constituted violations of Montgomery County Code §27-19.

54.     As a direct and proximate result of Defendant M-NCPPC's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning capacity, justifying an award of back pay, front pay, as well as compensatory damages, the amount to be determined by a jury at trial.

**COUNT IV**
**SEXUAL ORIENTATION DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2(b)**
**(By Plaintiff Against Defendant M-NCPPC)**

55.     Paragraphs 1 through 54 are incorporated by reference herein as if fully set forth herein.

56.     By the acts and omissions described herein, Defendant M-NCPPC subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of her sexual orientation, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(b).

57.     Defendant M-NCPPC has engaged in a course of unlawful severe and/or pervasive discriminatory conduct against Plaintiff based on her sexual orientation, created a hostile work environment based on sexual orientation, and altered the terms and/or conditions of her employment.

58.     The unlawful employment practices complained of herein were intentional and were engaged in knowingly, maliciously, and/or with reckless indifference to Plaintiff's rights.

59.    The effect of discriminating against Plaintiff on the basis of her sexual orientation has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her sexual orientation.

60.    Defendant M-NCPPC's actions described herein constituted violations of Title VII.

61.    As a direct and proximate result of Defendant M-NCPPC's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning capacity, justifying an award of back pay, front pay, as well as compensatory damages, the amount to be determined by a jury at trial.

**COUNT V**
**SEXUAL ORIENTATION DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Md. State Govt. Code §20-606(a)**
**(By Plaintiff Against Defendant MNCPPC)**

62.    Paragraphs 1 through 61 are incorporated by reference herein as if fully set forth herein.

63.    By the acts and omissions described herein, Defendant M-NCPPC subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of sexual orientation, in violation of Md. State Govt. Code §20-606(a).

16

64.    Defendant M-NCPPC has engaged in a course of unlawful severe and/or pervasive discriminatory conduct against Plaintiff based on her sexual orientation, created a hostile work environment based on sexual orientation, and altered the terms and/or conditions of her employment.

65.    The unlawful employment practices complained of herein were intentional and were engaged in knowingly, maliciously, and/or with reckless indifference to Plaintiff's rights.

66.    The effect of discriminating against Plaintiff on the basis of her sexual orientation has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her sexual orientation.

67.    Defendant M-NCPPC's actions described herein constituted violations of Md. State Govt. Code §20-606(a).

68.    As a direct and proximate result of Defendant M-NCPPC's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning capacity, justifying an award of back pay, front pay, as well as compensatory damages, the amount to be determined by a jury at trial.

**COUNT VI**
**SEXUAL ORIENTATION DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Montgomery County Code §27-19**
**(By Plaintiff Against Defendant MNCPPC)**

69.　Paragraphs 1 through 68 are incorporated by reference herein as if fully set forth herein.

70.　By the acts and omissions described herein, Defendant M-NCPPC subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of sexual orientation, in violation of Montgomery County Code §27-19.

71.　Defendant M-NCPPC has engaged in a course of unlawful conduct based on Plaintiff's sexual orientation that has the purpose or effect of unreasonably interfering with her work performance and/or creating a working environment that Plaintiff perceives to be abusive or hostile.

72.　The unlawful employment practices complained of herein were intentional and were engaged in knowingly, maliciously, and/or with reckless indifference to Plaintiff's rights.

73.　The effect of discriminating against Plaintiff on the basis of her sexual orientation has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her sexual orientation.

74.　Defendant M-NCPPC's actions described herein constituted violations of Montgomery County Code §27-19.

75.　As a direct and proximate result of Defendant M-NCPPC's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages,

including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning capacity, justifying an award of back pay, front pay, as well as compensatory damages, the amount to be determined by a jury at trial.

**COUNT VII**
**RELIGIOUS DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2(b)**
**(By Plaintiff Against Defendant M-NCPPC)**

76.     Paragraphs 1 through 75 are incorporated by reference herein as if fully set forth herein.

77.     By the acts and omissions described herein, Defendant M-NCPPC subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of religion, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(b).

78.     Defendant M-NCPPC has engaged in a course of unlawful severe and/or pervasive discriminatory conduct against Plaintiff based on her religion, created a hostile work environment based on religion, and altered the terms and/or conditions of her employment.

79.     The unlawful employment practices complained of herein were intentional and were engaged in knowingly, maliciously, and/or with reckless indifference to Plaintiff's rights.

80.   The effect of discriminating against Plaintiff on the basis of her religion has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her religion.

81.   Defendant M-NCPPC's actions described herein constituted violations of Title VII.

82.   As a direct and proximate result of Defendant M-NCPPC's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning capacity, justifying an award of back pay, front pay, as well as compensatory damages, the amount to be determined by a jury at trial.

**COUNT VIII**
**RELIGIOUS DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Md. State Govt. Code §20-606(a)**
**(By Plaintiff Against Defendant MNCPPC)**

83.   Paragraphs 1 through 82 are incorporated by reference herein as if fully set forth herein.

84.   By the acts and omissions described herein, Defendant M-NCPPC subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of religion, in violation of Md. State Govt. Code §20-606(a).

85.   Defendant M-NCPPC has engaged in a course of unlawful severe and/or pervasive discriminatory conduct against Plaintiff based on her religion, created a hostile work

environment based on religion, and altered the terms and/or conditions of her employment.

86.    The unlawful employment practices complained of herein were intentional and were engaged in knowingly, maliciously, and/or with reckless indifference to Plaintiff's rights.

87.    The effect of discriminating against Plaintiff on the basis of her religion has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her religion.

88.    Defendant M-NCPPC's actions described herein constituted violations of Md. State Govt. Code §20-606(a).

89.    As a direct and proximate result of Defendant M-NCPPC's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning capacity, justifying an award of back pay, front pay, as well as compensatory damages, the amount to be determined by a jury at trial.

**COUNT IX**
**RELIGIOUS DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Montgomery County Code §27-19**
**(By Plaintiff Against Defendant MNCPPC)**

90.    Paragraphs 1 through 89 are incorporated by reference herein as if fully set forth herein.

91.     By the acts and omissions described herein, Defendant M-NCPPC subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of religion, in violation of Montgomery County Code §27-19.

92.     Defendant M-NCPPC has engaged in a course of unlawful conduct based on Plaintiff's religion that has the purpose or effect of unreasonably interfering with her work performance and/or creating a working environment that Plaintiff perceives to be abusive or hostile.

93.      The unlawful employment practices complained of herein were intentional and were engaged in knowingly, maliciously, and/or with reckless indifference to Plaintiff's rights.

94.     The effect of discriminating against Plaintiff on the basis of her religion has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her religion.

95.     Defendant M-NCPPC's actions described herein constituted violations of Montgomery County Code §27-19.

96.     As a direct and proximate result of Defendant M-NCPPC's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning capacity, justifying an award of back pay, front pay, as well as compensatory damages,

the amount to be determined by a jury at trial.

**COUNT X**
**SEX DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Montgomery County Code §27-19**
**(By Plaintiff Against Defendant McSwain)**

97. Paragraphs 1 through 96 are incorporated by reference herein as if fully set forth herein.

98. By the acts and omissions described herein, Defendant McSwain subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of sex, in violation of Montgomery County Code §27-19.

99. Defendant McSwain has engaged in a course of unlawful conduct based on Plaintiff's sex that has the purpose or effect of unreasonably interfering with her work performance and/or creating a working environment that Plaintiff perceives to be abusive or hostile; and a reasonable victim of the conduct to which Plaintiff was subjected would consider the conduct to be more than a petty slight, trivial inconvenience, or minor annoyance.

100. In perpetrating the above-described actions, Defendants subjected Plaintiff to severe and/or pervasive harassment as alleged above such that it altered the terms and/or conditions of Plaintiff's employment.

101. The conduct was unwelcomed by Plaintiff, and Plaintiff considered the conduct to be more than a petty slight, trivial inconvenience, or minor annoyance.

102. A reasonable person in Plaintiff's circumstances would consider the work environment hostile and/or abusive.

103.   Defendant MNCPPC knew or should have known about the severe and/or pervasive conduct of Defendant McSwain on the basis of Plaintiff's sex as alleged herein.

104.   Defendants' and their agents' conduct, including but not limited to the conduct of Defendant McSwain, directly and proximately caused the injuries, harm, and damages to Plaintiff.

105.   In engaging in the unlawful employment practices complained of herein, Defendant McSwain acted knowingly, intentionally, maliciously, and/or with reckless indifference to Plaintiff's rights.

106.   The effect of discriminating against Plaintiff on the basis of her sex has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her sex.

107.   Defendant McSwain's actions described herein constituted violations of Montgomery County Code §27-19.

108.   As a direct and proximate result of Defendant McSwain's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning capacity, justifying an award of back pay, front pay, as well as compensatory damages and punitive damages, the amount to be determined by a jury at trial.

**COUNT XI**
**SEXUAL ORIENTATION DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Montgomery County Code §27-19**
**(By Plaintiff Against Defendant McSwain)**

109.    Paragraphs 1 through 108 are incorporated by reference herein as if fully set forth herein.

110.    By the acts and omissions described herein, Defendant McSwain subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of sexual orientation, in violation of Montgomery County Code §27-19.

111.    Defendant McSwain has engaged in a course of unlawful conduct based on Plaintiff's sexual orientation that has the purpose or effect of unreasonably interfering with her work performance and/or creating a working environment that Plaintiff perceives to be abusive or hostile; and a reasonable victim of the conduct to which Plaintiff was subjected would consider the conduct to be more than a petty slight, trivial inconvenience, or minor annoyance.

112.    In perpetrating the above-described actions, Defendants subjected Plaintiff to severe and/or pervasive harassment as alleged above such that it altered the terms and/or conditions of Plaintiff's employment.

113.    The conduct was unwelcomed by Plaintiff, and Plaintiff considered the conduct to be more than a petty slight, trivial inconvenience, or minor annoyance.

114.    A reasonable person in Plaintiff's circumstances would consider the work environment hostile and/or abusive.

115. Defendant MNCPPC knew or should have known about the severe and/or pervasive conduct of Defendant McSwain on the basis of Plaintiff's sexual orientation as alleged herein.

116. Defendants' and their agents' conduct, including but not limited to the conduct of Defendant McSwain, directly and proximately caused the injuries, harm, and damages to Plaintiff.

117. In engaging in the unlawful employment practices complained of herein, Defendant McSwain acted knowingly, intentionally, maliciously, and/or with reckless indifference to Plaintiff's rights.

118. The effect of discriminating against Plaintiff on the basis of her sexual orientation has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her sexual orientation.

119. Defendant McSwain's actions described herein constituted violations of Montgomery County Code §27-19.

120. As a direct and proximate result of Defendant McSwain's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning

capacity, justifying an award of back pay, front pay, as well as compensatory damages and punitive damages, the amount to be determined by a jury at trial.

**COUNT XII**
**RELIGIOUS DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
**In Violation of Montgomery County Code §27-19**
**(By Plaintiff Against Defendant McSwain)**

121.    Paragraphs 1 through 120 are incorporated by reference herein as if fully set forth herein.

122.    By the acts and omissions described herein, Defendant McSwain subjected Plaintiff Weisman to disparate terms and conditions of her employment on the basis of religion, in violation of Montgomery County Code §27-19.

123.    Defendant McSwain has engaged in a course of unlawful conduct based on Plaintiff's religion that has the purpose or effect of unreasonably interfering with her work performance and/or creating a working environment that Plaintiff perceives to be abusive or hostile; and a reasonable victim of the conduct to which Plaintiff was subjected would consider the conduct to be more than a petty slight, trivial inconvenience, or minor annoyance.

124.    In perpetrating the above-described actions, Defendants subjected Plaintiff to severe and/or pervasive harassment as alleged above such that it altered the terms and/or conditions of Plaintiff's employment.

125.    The conduct was unwelcomed by Plaintiff, and Plaintiff considered the conduct to be more than a petty slight, trivial inconvenience, or minor annoyance.

126.   A reasonable person in Plaintiff's circumstances would consider the work environment hostile and/or abusive.

127.   Defendant MNCPPC knew or should have known about the severe and/or pervasive conduct of Defendant McSwain on the basis of Plaintiff's religion as alleged herein.

128.   Defendants' and their agents' conduct, including but not limited to the conduct of Defendant McSwain, directly and proximately caused the injuries, harm, and damages to Plaintiff.

129.   In engaging in the unlawful employment practices complained of herein, Defendant McSwain acted knowingly, intentionally, maliciously, and/or with reckless indifference to Plaintiff's rights.

130.   The effect of discriminating against Plaintiff on the basis of her religion has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of her employment status because of her religion.

131.   Defendant McSwain's actions described herein constituted violations of Montgomery County Code §27-19.

132.   As a direct and proximate result of Defendant McSwain's discrimination, Plaintiff Weisman has sustained, and continues to sustain, direct and consequential damages, including, but not limited to, loss of sleep, emotional pain, mental anguish, humiliation and embarrassment, loss of employment opportunities, damage to her professional reputation and development, loss of income and other economic benefits, job search costs, loss of future employment opportunities, and the impairment of future earning

capacity, justifying an award of back pay, front pay, as well as compensatory damages and punitive damages, the amount to be determined by a jury at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants and requests that the Court:

a.  Enter an order declaring that the acts and practices complained of herein are in violation of federal law and enjoining and permanently restraining these violations;

b.  Enter declaratory and final judgment in favor of Plaintiff and against Defendants on each of Plaintiff's claims;

c.  Enter an order awarding Plaintiff back pay, front pay, and benefits;

d.  Enter an order awarding Plaintiff compensatory damages;

e.  Enter an order awarding Plaintiff appropriate punitive damages against Defendant McSwain in his individual capacity for the applicable causes of action, in an amount to be proven at trial that would punish Defendant McSwain for his knowing, intentional, willful, and reckless disregard of Plaintiff's clearly established rights as alleged herein;

f.  Enter an order awarding prejudgment interest on amounts owed to Plaintiff;

g.  Enter an order awarding Plaintiff her attorneys' fees and costs of this action; and

h.    Enter an order awarding Plaintiff such other and further relief as may be

appropriate.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues.

Respectfully submitted,

**THE SELTZER LAW FIRM**


s/ Diane A. Seltzer
Diane A. Seltzer, Esquire
MD Bar No. 22855
4800 Hampden Lane, Suite 200
Bethesda, MD  20814
301-500-1555
dseltzer@seltzerlawfirm.com
Attorneys for Plaintiff Cynthia Weisman

Date Januarey 3, 2024

30